NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Insurance Company and Oxford Investment Partners LLC,<br><br>           Plaintiffs,<br><br>v.<br><br>Philadelphia Indemnity Insurance Company,<br><br>           Defendant. | No. CV-15-00602-PHX-DJH<br><br>**ORDER** |

On October 3, 2016, near the end of oral argument the Court granted defendant Philadelphia Indemnity Insurance Company's ("PIIC") Motion to Supplement (Doc. 95). Pending before the Court is a motion for reconsideration of that ruling by plaintiffs, Federal Insurance Company and Oxford Investment Partners, LLC (Doc. 100), to which the Court allowed a response (Doc. 106), but not a reply.  The Court denies Plaintiffs' motion because it does not assert a proper basis for reconsideration.  Instead, contrary to the purpose of such motions, Plaintiffs are impermissibly asking this Court to "rethink what the court has already thought through-rightly or wrongly." *Ramirez v. Medtronic Inc.*, 961 F.Supp.2d 977,1005 (D.Ariz. 2013) (internal quotation marks and citations omitted).

Motions for reconsideration are governed by LRCiv 7.2(g)(1), which provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been

> brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

Plaintiffs' failure to comply with LRCiv 7.2(g)(1) is a sufficient reason in and of itself to deny their reconsideration motion. Even if Plaintiffs had so complied, nonetheless, the Court still would deny their motion because they have not shown the rare circumstances warranting reconsideration. *See Tavilla v. Cephalon, Inc.*, 870 F. Supp. 2d 759, 777 (D. Ariz. 2012) (citation omitted) ("Motions for reconsideration are disfavored and should be granted only in rare circumstances.") "Reconsideration . . . is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (internal quotation marks and citation omitted). Plaintiffs have made no attempt to show any of the foregoing. Accordingly, the Court adheres to its prior ruling and denies' Plaintiffs' motion for reconsideration. The Court will, however, impose a time frame and some constraints upon Defendants' supplementation, as set forth below.

Based upon the foregoing,

**IT IS HEREBY ORDERED DENYING** Plaintiffs' Motion for Reconsideration of Order Allowing Supplemental Briefing (Doc. 100);

**IT IS FURTHER ORDERED** that:

(1) within **seven (7) days** from the date of entry of this Order, Defendant shall file and serve a Supplemental Memorandum in support of their Motion for Summary Judgment (Doc. 23) and subsequent response/reply (Doc. 34), which **shall not exceed five (5) pages**;

(2) Plaintiffs shall have **seven (7) days** after service and filing of Defendant's

- 2 -

1  Supplemental Memorandum in which to file and serve their response thereto. This
2  response **shall not exceed five (5) pages** and shall not exceed the scope of Defendant's
3  Supplemental Memorandum;

4  (3) no reply will be allowed;

5  (4) within **seven (7) days** from the date of entry of this Order, Defendant shall be
6  allowed to supplement the record by filing and serving recent deposition excerpts and
7  materials recently disclosed by Plaintiffs; and

8  (5) Plaintiffs' counter-designations, if any, shall be filed and served within **seven**
9  **(7) days** after the filing and service of Defendant's deposition excerpts and discovery
10 materials.

11 **IT IS FURTHER ORDERED GRANTING** the parties' request for oral
12 argument as to the following pending motions: (a) Defendant's Motion for Summary
13 Judgment (Doc. 23); (b) Plaintiffs' Cross-Motion for Summary Judgment (Doc. 25); (c)
14 Defendants' Motion to Strike (Doc. 33); and (d) Plaintiffs' Motion to Strike (Doc. 44).

15 **IT IS FINALLY ORDERED** setting oral argument in this matter for **2:00 p.m**.
16 on Thursday, **January 12, 2017** in Courtroom 605 of the Sandra Day O'Connor U.S.
17 Courthouse, 401 West Washington Street, Phoenix, AZ 85003.

18 Dated this 21st day of October, 2016.

Honorable Diane J. Humetewa
United States District Judge